**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4501**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

NADIA NAEEM,

        Defendant – Appellant.

---

**No. 08-4502**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MOHAMMAD AMIN DOUDZAI,

        Defendant – Appellant.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:06-cr-00395-MJG-2; 1:06-cr-00395-MJG-3)

---

Submitted: July 1, 2010        Decided: July 22, 2010

---

Before KING, DUNCAN, and DAVIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

———————————

William C. Brennan, Jr., William A. Mitchell, Jr., BRENNAN SULLIVAN & MCKENNA LLP, Greenbelt, Maryland, Robert C. Bonsib, Megan E. Green, MARCUS BONSIB LLC, Greenbelt, Maryland, for Appellants.  Rod J. Rosenstein, United States Attorney, Harvey E. Eisenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nadia Naeem and Mohammad Amin Doudzai appeal their convictions for conspiracy to obstruct proceedings before an agency of the United States, namely, the United States Citizenship and Immigration Services ("USCIS"), in violation of 18 U.S.C. § 371 (2006); endeavoring to obstruct proceedings before an agency of the United States, in violation of 18 U.S.C. §§ 2, 1505 (2006); and making false statements, in violation of 18 U.S.C. § 1546(a) (2006). On appeal, they contend that the district court erred in denying their motions for judgment of acquittal and for severance, instructing the jury, and granting the Government's request for a protective order. We affirm.

We review a district court's denial of a motion for judgment of acquittal de novo. United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008). We are obliged to sustain a guilty verdict that, viewing the evidence in the light most favorable to the Government, is supported by substantial evidence. Id. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). A defendant bringing a sufficiency challenge bears a "heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). The Government must be given

3

the benefit of every reasonable inference.  Id.  Reversal for insufficient evidence is reserved for the rare case where the Government's failure is clear.  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

Appellants first contend the evidence was insufficient for the jury to find the existence of a conspiracy to obstruct proceedings.  They argue, inter alia, that even if they made false statements, there were innumerable reasons why they may have lied, and the Government failed to link their statements with the alleged conspiracy to obstruct USCIS proceedings.

Because a conspiracy is by its nature clandestine and covert, it is generally proved by circumstantial evidence. Burgos, 94 F.3d at 857.  Evidence tending to prove a conspiracy may include a defendant's relationship with other members of the conspiracy, and the existence of a conspiracy may be inferred from a development and collocation of circumstances.  Id. at 858 (quotations and citations omitted).  "Circumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt."  Id. (citation omitted).  We have reviewed the record and conclude that the evidence was sufficient to support the Appellants' conspiracy convictions.

4

Appellants also contend the evidence was insufficient to support their convictions for endeavoring to obstruct proceedings and making false statements, because the Government failed to prove the existence of a valid marriage between them under Maryland law or that they knowingly lied about being parents of a son. We have reviewed the record and conclude that the evidence was sufficient to support these convictions.

Appellants next contend that the district court erred in denying their motions for severance, thus admitting evidence of their false statements against the other in violation of the Confrontation Clause. "There is a preference in the federal system for joint trials of defendants who are indicted together," and a district court should grant a severance "only if there is a serious risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 537-38 (1993). The presumption that defendants indicted together should be tried together is especially strong in conspiracy cases. United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990). We review a district court's decision to deny a motion to sever for abuse of discretion, which we will find only where the decision deprives the defendants of a fair trial and results in a

miscarriage of justice. United States v. Harris, 498 F.3d 278, 291 (4th Cir. 2007) (quotations and citations omitted).

Appellants contend that the denial of their motions resulted in the erroneous admission of testimonial statements in violation of Crawford v. Washington, 541 U.S. 36 (2004), and their inability to challenge these statements was a fundamental violation of their Sixth Amendment right to confront witnesses. Because the district court admitted these statements under Fed. R. Evid. 801(c), (d)(2)(E), as they were offered not to prove the truth of the matters asserted but to show the statements were made in furtherance of the conspiracy, we conclude there was no violation of the Confrontation Clause. See United States v. Ayala, 601 F.3d 256, 272 (4th Cir. 2010); United States v. Sullivan, 466 F.3d 248, 258 (4th Cir. 2006).

Appellants next contend that the district court erred in instructing the jury as to the essential elements of the conspiracy charge. While they acknowledge that the district court instructed the jury on the four elements of the offense, they argue that the instructions were not specific enough. "District courts are necessarily vested with a great deal of discretion in constructing the specific form and content of jury instructions." Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1293 (4th Cir. 1995). Because Appellants did not object to the instruction in the district court, we review this issue for

6

plain error.  See United States v. Wilson, 484 F.3d 267, 279 (4th Cir. 2007).  Thus, Appellants must show error, that was plain, and that the error affected their substantial rights. Id.  Even if they make this showing, we will not exercise our discretion to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.  We have reviewed the record and conclude that Appellants have failed to show plain error.

Appellants further contend that the district court erred in denying their requested instruction defining reasonable doubt.  We find this contention without merit.  See United States v. Oriakhi, 57 F.3d 1290, 1300-01 (4th Cir. 1995).

Finally, Appellants contend that the district court erred in granting the Government's motion for a protective order in accordance with the Classified Information Procedures Act, 18 U.S.C. app. 3 § 3 (2006), and that the protective order prevented counsel from providing effective representation. After in camera review, the district court concluded that the classified information at issue was all either irrelevant or inculpatory.  See United States v. Smith, 780 F.2d 1102, 1107 (4th Cir. 1985) (holding that the Government's privilege with regard to classified information must give way when the information "'is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause'")

(quoting <u>Roviaro v. United States</u>, 353 U.S. 53, 60-61 (1957)). We conclude that the district court did not abuse its discretion in issuing the protective order. <u>See</u> <u>United States v. Fernandez</u>, 913 F.2d 148, 155 (4th Cir. 1990) (stating standard). Moreover, Appellants do not contend on appeal that they were precluded from raising any particular argument or defense as the result of the protective order. Accordingly, this claim must fail.

We therefore affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>